SILBERMAN, Senior Circuit Judge,
concurring:
I join Judge Edwards’ opinion because of the emphasis he puts on the timing of these different projects, but I do think Judge Brown has a good point in suggesting that the “cumulative impact” issue is a stronger ground upon which to base the decision.
Petitioner’s brief, unfortunately, was laden with obscure acronyms notwith *1321 standing the admonitions in our handbook (and on our website) to avoid uncommon acronyms. Since the brief was signed by a faculty member at Columbia Law School, that was rather dismaying both because of ignorance of our standards and because the practice constitutes lousy brief writing.
The use of obscure acronyms, sometimes those made up for a particular case, is an aggravating development of the last twenty years. Even with a glossary, a judge finds himself or herself constantly looking back to recall what an acronym means. Perhaps not surprisingly, we never see that in a brief filed by well-skilled appellate specialists. It has been almost a marker, dividing the better lawyers from the rest.
We have recently been rejecting briefs that do not adhere to our instructions, and counsel should be warned that if a brief is rejected and has to be rewritten, they will not be able to alter the word limits.